IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Mr. John Ervin Wilson Jr. #295493,
　　　　Plaintiff,

V.

Sgt. Johnson, Unit Manager,
　　　　Defendant,

C/A No.: 9:18-CV-1316-RMG-BM

MOTION: OBJECTION IN OPPOSITION OF REPORT AND RECOMMENDATION

RECEIVED USDC
CLERK, CHARLESTON SC
2019 MAY 23 AM 8:02

　　Plaintiff Comes in respect of Fed. R. Civ. P. 59(e), for motion to Alter + Amend Judgment of Judge Bristow Marchant, in Objection, to an "Report And Recommendation" May-8th 2019.... The recommendation has no presumptive weight," Mathews V. Weber," 423 U.S. 261, 270-71 (1976); The Court may "accept, reject, or modify, in Whole or in part," 28 U.S.C. §636 (b)(1)... The Court is charged With making a de novo determination of those portions of the R&R, to Which Objections is made," Diamond V. Colonial Life & Acc. Ins. Co.," 416 F.3d. 310, 315 (4th cir. 2005) (quoting 28 U.S.C. §636 (b)(1); accord Fed. R. Civ. P. 72 (b)". Hereto May-16th 2019, Plaintiff makes his Objection to the district Court Judge. "Snyder V. Ridenour", 889 F.2d. 1363 (4th cir. 1989); Thomas V. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d. 435 (1985); "Wright V. Collins", 766 F.2d. 841 (4th cir. 1985); & "United States V. Schronce", 727 F.2d. 91 (4th cir. 1984)....

## "OBJECTIONS"

-(R&R) Page:(3)"- Plaintiff Object, as Judge Marchant, Was "Contrary" to the United States Supreme Court Ruling in "Cruz V. Beto", 405 U.S. 319 (1972) and "Haines V. Kerner", 404 U.S. 519 (1972)... Dismissed "Application", Prejudiced Meritorious exhaust Claim.

Plaintiff provided Exhibits and Verified Complaint; adjudicating, that all manner of Steps Were taken to exhaust administrative remedies, Which Was not Considered in light most Favorable to the

1.

Plaintiff.

"(Jones v. Blanas", 393 F.3d. 918, 922-23 (9th cir. 2004) ("Holding that Pro-se litigants verified Contentions in pleadings must be considered as evidence in opposition to Summary Judgment Where Such Contentions are based on Personal knowledge and set forth fact's that Would be admissible in evidence")...

-(R&R) Page:(4)-

Plaintiff Object, that Judge Marchant, Within his Discussion, found Defendant being Correct; that Plaintiff failed to exhaust his administrative remedies Pursuant to 42 U.S.C. §1997e(a); and Was "Contrary" by Dismissal "Application", to the United States Supreme Court Ruling in "Booth v. Churner", 532 U.S. 731, 741 (2001) and "Porter v. Nussle", 534 U.S. 516 (2002)...

If it Please the Court, Plaintiff Would turn to: ["Exhibit(E)"]; from his ("Summary Judgment Motion")... Plaintiff filed his ("Step(1) Grievance"), With an ("Informal Resolution") to the defendant, as defendant refused to Sign... Plaintiff grievance Was return, due to defendant failure to Sign "Informal Resolution".

In "Jones v. Bock", the Supreme Court concluded that it is the Prisoner grievance Procedures, not the (PLRA) that defines the boundaries of proper exhaustion.

("Jones v. Bock", 549 U.S. 199, 218 (2007) ("The level of detail necessary in a grievance to Comply With the grievance procedures Will Vary from System to System and Claim to Claim, but it is the Prison's requirements, and not the (PLRA), that define the boundaries of proper exhaustion."); "Hughes v. Ihrieblher", 341 Fed. Appx. 749, 751 (3rd cir. 2009) ("In determining Whether a prisoner had met the exhaustion requirement of the (PLRA), We look to the prison's procedural rules")...

If it Please the Court, Plaintiff Would turn to "Defendant": ["Exhibit(B)"]; Declaration, Of (Sherman L. Anderson), to ["D]efine the ["N]ecessary ["E]xhaustion ["R]equirements ["P]rocedural

2.

["R"]ules, to ["C"]omply with ["G"]rievance ["B"]oundaries..."

Paragraph #(15):

"(The (SCDC) inmate grievance procedure is basically a three-step process. First, an inmate ["M"]ust attempt to resolve the issue through an "informal resolution" by submitting a "Request to Staff" Member form (RTSM) or Automated Request to Staff Member (ARTSM using the kiosk) to the appropriate supervisor/staff within eight (8) working days of the incident. This attempt at an Informal Resolution is a prerequisite for filing most Step 1 grievances. An Informal Resolution is not necessary when appealing a disciplinary conviction or a custody reduction)."...

-"Plaintiff has ["s"]atisfy and ["s"]atisfied, the ["MUST"] attempt of ["Informal Resolution"], by: ["Exhibit (E)"], within eight (8) working days of incident to defendant, as defendant failed to sign written (RTSM)"-

Paragraph #(16):

"(The Informal Resolution can be attempted by either filling out a Request to Staff Member form (RTSM) at the Correctional Institution and placing the same in the Grievance Box or by filing the same through the kiosk (submitting the RTSM form electronically which is referred to as ARTSM). A copy of the RTSM must be attached to the Step 1 grievance form.)"...

-"Plaintiff has ["s"]atisfy and ["s"]atisfied, the ["MUST"] attempt of ["Step (1) Grievance"], by: ["Exhibit (E)"], as placing each (RTSM) and (Step (1) Grievance) in the Institutional Grievance box, attached together"-

Judge Marchant, error, when applying the "Booth v. Churner", and "Porter v. Nussle", as (quoting "Larkin v. Galloway", 266 F.3d. 718 (7th cir. 2001) and

3

"Claybrooks V. Newsome", No. 00-7079, 2001 WL 1089548 (4th Cir. Sep. 18, 2001).

-In the "Booth V. Churner", the "inmate" failed to complete appeal.-

("Booth V. Churner", 532 U.S. at 740-741 ("Where inmate filed grievance but failed to complete final appeal, exhaustion not satisfied.")

Here in Plaintiff Case, An (RTSM) "Informal Resolution" was attached to the (Grievance Step (1) form) and Defendant was Non-Compliance, in answering the (RTSM), depriving Plaintiff to Comply with procedures... Therefore, Plaintiff Grievance (Step (1)) was return, that an Responds to his "Informal Resolution" be Completed... Plaintiff was Never granted an appeal. The Step (1) Grievance ["Can"]["N"] ot be processed until the "Informal Resolution" ["Must"] be answer.

Again, Judge Marchant, error, When applying "Porter V. Nussle", Case...

("Porter V. Nussle", 534 US. 516, 525 (2002) ("In Some Instances, Corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation").

-Plaintiff asserts, there was no Corrective action done on defendant, for failure to Comply With Prison administration grievance Procedures, by Satisfying the plaintiff Informal Resolution... Defendant abridged plaintiff access to Court, With depriving an informal resolution to Provide the Court, With the adjudication of the retaliation Controversy; leaving an Silent record for review-

("Porter V. Nussle", 534 U.S. 516. Id. at 525 ("And for Cases Ultimately brought to Court, adjudication Could be facilitated

4.

by an administrative record that clarifies the contours of the controversy").

–"Plaintiff Clearly Shows, this is not an case as Judge Marchant, Created, using "Galloway" or "Newsome"; as if Plaintiff Was ["Afraid"] and not ["Exhausted"] his remedies... This is an Case Where the Defendant failed to Comply With Policies Resolutions"–

("Stenhouse V. Hughes", No. 2006 WL 752876 (D.S.C.) ("However, defendants may... be estopped from raising non-exhaustion as an affirmative defense When prison officials inhibit an inmates ability to utilize grievance procedures." Abney V. McGinnis", 380 F.3d. 663, 667 (2nd Cir. 2004). Additionally, exhaustion may be achieved in situations Where prison officials fail to timely advance the inmate grievance or otherwise prevent him from Seeking his administrative remedies").

("Powe V. Ennis", 177 F.3d. 393 (5th cir. 1991) cf. "Lewis V. Washington", 300 F.3d. 829 (7th cir. 2002) ("When prison officials do not respond to a prisoners initial grievance, administrative remedies are exhausted. and "Nyhuis V. Reno", 204 F.3d. 65 (3rd cir. 2000) ("Substantial Compliance With grievance procedure Will Satisfy exhaustion requirements").

–"Plaintiff asserts, the –"Informal Resolution"– is a ["M"]ust, to even activate an –"Step (1) Grievance"– as "Defendant" Declaration by (Sherman L. Anderson) Verified as Mandated Procedural Rules... This deprivation by defendant prejudice Plaintiff of redress"–

("Turner V. Safley", 482 U.S. 78, 84 (1987) ("Prisoners retain the Constit-

5.

utional right to petition the government for the redress of grievances"...).

("Watison V. Carter", 668 F.3d. 1108, 1114 (9th cir. 2012) ("The filing of an inmate grievance is protected conduct"); "Herron V. Harrison", 203 F.3d. 410, 415 (6th cir. 2000) ("An inmate has an undisputed First amendment right to file grievance against prison officials on his own behalf."); also "Bounds V. Smith", 430 US. 817 (1977)...")

("Moore V. Bennette", 517 F.3d. 717, 725 (4th cir. 2008) ("[A]b administrative remedy is not considered to have been available if a prisoner through no fault of his own, was prevented from availing himself of it.")...); also "Boyd V. Corrections Corp. Of America", 380 F.3d. 989, 996 (6th cir. 2004); and "Jernigan V. Stuchell", 304 F.3d. 1030, 1032 (10th cir. 2002)...

-"(B. to B) Page #:(4) to (5)"-

Plaintiff Object, that Judge Marchant, assert, defendant pled affirmative defense, and met the burden, that Plaintiff fail to exhaust administrative remidies, pursuant to: "Jones V. Bock", 549 US. 199 (2007) and quoting; "Anderson V. XYZ Correctional Health Services, Inc.", 407 F.3d. 674, 683 (4th cir. 2005)...

1). Plaintiff filed an "informal resolution" contrary to the Declaration of (Sherman L. Anderson), to Defendant...
2). Plaintiff filed an "Step(1) Grievance", after unsuccessful attempt to get Defendant to sign the (BTSM)...
3). Plaintiff attached the (BTSM) on (Step(1) Grievance), and submitted both to the ("Inmate Grievance Coordinator"), eight (8) working day's after incident... see: ["Exhibit (E) - (BTSM) to (Grievance)"-]

-6-

4). Plaintiff ["Re-filed"] an (Step(1) Grievance), And was instructed by the ("IGC"), that his "Informal Resolution", Was "Only" to be Submitted to Defendant appropriate Supervisor A/W Washington...
See: ["Exhibit(L)"-(Re-filed Grievance)"-]

5). Plaintiff received ("Procedural defects") and ("deficiencies") from the ("IGC"), Plaintiff Submitted anew ("Informal Resolution") in Contrary to (SCDC) Grievance Policy; in-Which, does not Provide an "Single" Individual to Submit a Informal Resolution.
See: ["Exhibit(G)"-Informal Resolution"-]

6). Plaintiff also requested his attorney to (Mail) and (fax) (SCDC) Administration, to Gain Any Reply for Plaintiff Petitions for ("Informal Resolution"); ["N]ot ["O]the ["A]dministrator ["R]esponded After Taking knowledge Of Such Informal resolution.
See: ["Exhibit(H)-"Attorney Resolution"-]

7). Plaintiff (45) day's expiring of Administration to reply, by Grievance Policy GA-01.12 (13) & (13.1); the Plaintiff filed another Step(1) Grievance, to the ("IGC"), that no reply Was Still yet Provided..
See: ["Exhibit(P)-"(Re-filed Grievance)"-]

Plaintiff Will draw to this Court, the ["S]cience of how (SCDC) has ["S]tructured the ["P]rocedure for the ["Step(1) Grievance"]... ["N]o Grievance Can be ["A]nswered;("Denied-or-Accepted"), until an "Informal Resolution" is Completed... ["O]nly the ("IGC") has the ["S]tep(2) ["G]rievance ["A]ppeal ["F]orm... ["N]o ["P]risoner is ["A]uthorized to have

7.

, or ["O"]btain One.... As an ["T"]heoretical Over-View; -"A prisoner do gain ["A"]ccess To an ("Step(2) Appeal Grievance") due to an repeat of his/her ("Step(1) Grievance") not being processed by prison Official's"-; The ("IGC") will not allow it to got to the Grievance branch, because an ("Step(1) Grievance") ("Informal Resolution") was not provided back; therefore, stopping all grievance access. Plaintiff beg's the Court endure indulgence :["A prisoner fails to "exhaust his State remidies" by "Counsel Ineffectiveness".... The prisoner petition for a "Writ of habeas Corpus".... The "Magistrate" and "District Judge" deny claim for "Procedural default". The prisoner wish to appeal to the "Fourth Circuit Appeals Court". The "District Judge" asserts the prisoner is not warranted an "Certificate of Appealability". The prisoner Petitions the Courts any-Way. Without the "Certificate of Appealability", the "Petition" or "Writ" is "Denied". This would be noted as an "Procedural by-Pass"... ["S"]cience of an ("Step(1) Grievance")... Without an ("Informal Resolution"), "No" Step(1)-or-Step(2) can be ["F"]iled or ["A"]ppeal, until an ("Informal Resolution") is to be provided...].

A). -Plaintiff assert's by (Sherman L. Anderson) Declaration , ["Paragraph #(5)"], he had knowledge of All Plaintiff "Informal Resolutions", and deprived Plaintiff of reply:-

("Mitchell v. Horn", 318 F.3d. 523, 536 (3rd Cir. 2003) ("remanding case to lower court to determine whether prison officials refused to supply inmate with grievance form")).

B). -Plaintiff assert's the ("IGC") With-in Plaintiff ["Exhibit(b)"]; gave Plaintiff erroneous information to pr-

allude "A/W Washington"; a (BTSM) for Defendant retaliation Claim, Which is "Contrary" to Grievance Policies; Which does not mandate a grievant to do an "Informal Resolution" to a "Single Individual":-

("Gravley V. Tretinilh", 414 Fed. Appx. 391 (3rd cir. 2011) ("Where grievance identified wrong nurse based upon erroneous information provided by prison guard, exhaustion satisfied").).

-"Plaintiff adjudicated for an ("Informal Resolution") from: March-19th 2018; and here, it's: May-16th 2019; and (SCDC) Administrator's, Still has failed to respond nor is an mind in them to respond and Will not respond:-

Judge Marchant, Was "Contrary" using "Jones V. Bock", and quoting "Anderson V. XYZ Correctional Health Services, Inc.", With rendering "Application" of dismissal, When "Defendant" and "Anderson" Exploit the Grievance System.... It defys [C]ommon [E]sdense to [T]hink [P]laintiff Went to the edge, having his "Attorney" file Petitions for resolutions and Plaintiff Countless Grievance attempts; and resolutions; to have Judge Marchant, to Waive One Piece of "Anderson" un-orthodox declaration; Compared to Plaintiff Countless Showing being ignored, abridged, denied of a resolution.

("Lewis V. Washington", 300 F.3d. 829 (7th cir. 2002) ("We refuse to interpret the (PLRA) So narrowly as to... Permit Prison Officials to Exploit the exhaustion requirement through indefinite delay in responding to grievance").).

-"(R&R) Page:#(5)&(6)"-

Plaintiff Object, that Judge Marchant, erroneously used "Jordan V.

9.

Miami-Dade County"); that Plaintiff failed to appeal denial or failed to exhaust administrative remedies..."

("Lewis V. Casey", 518 U.S. at. 351 ("Stating that an inmate must demonstrate that the deficiencies in the Prisons library or legal assistance program "hindered" his efforts to pursue a legal Claim").).

-"Plaintiff asserts, the denial of "Anderson" and other (SCDC) "Administator's", Receiving Plaintiff "Informal Resolution", and Not Responding Per-Policies, "Prejudiced" Plaintiff to "redress of grievance" and the ("FAC") of adjudicating Defendant Retaliation Conduct, leaving Plaintiff to sustain a Constitutional Injury"-

("Strickler V. Waters", 989 F.2d. 1375, 1384 (4th Cir. 1993) ("Observing that a Prisoner had a basic requirement that he show specific harm or Prejudice from the allegedly denied access").)

-"Plaintiff asserts, it's evident, now over an year, exceeding the (1) one year Statute of limitation for filing an federal Civil action, Prejudice is Pronounced that Plaintiff can never bring this action before any Court by Defendant and (SCDC) Administrators denial of responds to Resolution"-

("Moore V. Bennette", 517 F.3d. at. 725 ("To be entitled to bring suit in federal Court, a prisoner must have utilized all available remedies in accordance with the applicable procedural rules, so that Prison Officials have been given an oppo-

10.

rtunity to address the Claims administratively.... Having done that, a prisoner has exhausted his available remedies, even if prison employees do not respond.")"...

-"Plaintiff has provided Within and through-out his ["W]hole ("Summary Judgment"), by:["Exhibit (A) through (S)"]; an "Genuine Issue Of Material Facts"; that he Made ["C"]ountless ["I"]nformal ["R]esolutions, in "Dispute" of Defendant attesting Plaintiff fail to do so."-

-"Plaintiff Respectfully assert, Judge Marchant, error, in use of the "Graham V. Perez" and "Jordan V. Miami-Dade County", cases, When the ("IGC") and ("Prison Officials") ["D]enied to Provide Plaintiff With a reply to his "informal resolution", ["Barring"] access to a ("Step (1) and Step (2) Grievance").... Plaintiff provided administration ["adequate"] time to investigate."-

-"(R&R) Page #:(7) & (8)"-

Plaintiff Object, as Judge Marchant, Reiterates the same harmonizing "failure to exhaust remedy, failure to comply With grievance procedures, failure to appeal Step(1) Grievance by a Step(2) Grievance, Defendant Satisfied their burden, failure to Provide Genuine Issue of material fact, failure to maintain claim, and failure to Submit Written request to Sgt. Thiel or Defendant Johnson".... Judge Marchant, quotes:"Hyde; Spruill; Malik; Bridgeforth; Williams; Poe; Ihima; Villiarimo; House; and Anderson Affidavit With attached Exhibit 1".... Plaintiff Will also quote from (SCDC) Policies as it is noted pursuant to: "Williams Vs Long; See: Footnote #:(8) of Judge....

11.

"- Plaintiff Can not be Precluded from Seeking relief; in When ("IGC") failed to Submit and Process grievance as ("Officials failed to Respond to Resolution"), in opposition of: "Hyde v. South Carolina Dept of Mental Health"; as administrative remedys Were inadequate"-

("Nyhuis v. Beno"; 204 F.3d. 65 (3rd Cir. 2000) ("Substantial Compliance With grievance procedure Will Satisfy exhaustion requirements").

"- Plaintiff is not allowed -"Per (SCDC) Policy" to Skip the ("Informal Resolution") Without Submitting it onto an ("Step (1) Grievance").. Furthermore; if the Plaintiff did in Opposition to: "Spruill v. Gillis"; to Pursue ["A"]ll his administrative remedies to the ["E"]nd; the ("Step (1) and Step (2) Grievance") at that Point Would have been return back to Plaintiff in Defendant or Administrators failure to respond to Plaintiff ("Informal Resolution")."-

("See: "(SCDC) Policy-GA-01.12 Section (13.3), ("Any grievance Which is Sent directly to Central Office Headquarters by the grievant Will be returned unprocessed by the Inmate Grievance Branch Staff"). "WWW.doc.sc.gov/policy/policy.Html;"

"- Plaintiff Without an ("Informal Resolution") Will not by the ("IGC"), Submit the ("Step (1) Grievance") to the Warden for ["A"]ny Decision... Nor Will the ("IGC"), provide an ("Step (2) Grievance") ["A"]ppeal Form, due to no ("Informal Resolution"). In opposition to: "Malik v. Sligh"; and "Williams v. Reynolds"; and "Bridgeforth v. Workman"; as stated

In "Anderson" ["Declaration"] Paragraph:#(15), the Plaintiff ["MUST"] have an ("Informal Resolution")... Also; "Anderson" ["Declaration"] Paragraph:#(16), the Plaintiff ["MUST"] have the ("Informal Resolution") ["A"]ttached to the ("Step(1) Grievance")... It was Prison Officials whom denied resolution."-

("McFadden v. Lewis", 517 F. App'x. 149 (4th Cir. 2013)("The Prisoner need not succumb entirely or even partially to the threat; it is Sufficient that the retaliation was intended to limit the prisoner right of access to the Court and was reasonably calculated to have that effect").)...

-"Plaintiff Provided ["Exhibit (B)"], inmate CD Cash #284694 Statement... The Defendant retaliated of Mr. Cash, litigations, and had him beaten with Pipes... Criminal and Civil actions was placed on defendant... Three (3) months later, it was ["F"]easible to not respond to Plaintiff informal resolutions, to Protect defendant"-

-"("Sherman L. Anderson"), Character is unsustained pursuant to: "Fed. R. Of Evidence": 405(a) and (b)... Such Declaration is not Credible: Rule 607"... Pursuant to "Anderson" declaration, Paragraph:#(5), he had access but refused to respond to Informal Resolution... in Violation of his very own Policy"-
-"(Anderson) Pursuant to: Fed. R. Of Evidence: Rule 608 (a), Sustains untruthfulness in Paragraph#(7), as ["Exhibit (D)(E) and (F)"]; "Stating CC: Ms. Sgt. Johnson"-

13.

-"Plaintiff provided ["A"] Administrative Official's and ["Defendant"] to respond... Here "Anderson" declaration is not credible, nor would he reply"-

-"(B&R) Page:(9) to (10)"-

Finally; Plaintiff Object, as Judge Marchant, use "Fair V. Hallman"; "Ihong"; "Nujhuis V. Reno"; "Beeson V. Fishkill Corr. Facility"; "Poe"; "Jones"; "Jamison V. Wright"; "Malik"; "Porter"; "Spruill"; "Cannon V. Washington"; "Drippe V. Tobelinski"; and "Lee V. South Carolina Dep't. Of Correction's".... Each Case law is Contrary to Plaintiff Claims herein.

-"Within Plaintiff (Summary Judgment) provided at ("Back Ground"); Plaintiff expressed the Policy GA-01.12 Section (13) and (13.1)... Such a Citing, provides Plaintiff was abridged to Comply With the (Step(1) and Step(2) Grievance) by Officials failure to respond"-

-"Within Plaintiff (Summary Judgment), he provided at ("Objections And Law/Analysis Exhaustion"), expressing Policy GA-01.12 Section (13) and (13.1); the ("IGC") Violation in Prohibiting Plaintiff of Complying With the (Step(1) and Step(2) Grievance) Policy"-

-"Plaintiff quoting the above Policies, enable all Steps as the Policy reflect's Plaintiff to follow, as Official barred Plaintiff in suit"-

("Moore"; ["An administrative remedy is not considered to have been available if a prisoner through no fault of his own, was prevented from availing himself of it."]).

14.

-"Plaintiff provided notated Exhibits, that the Court retain jurisdiction over Plaintiff Civil action When Prejudice is shown, that deprived Plaintiff access to the Court, by Prison officials ["Having] Plaintiff ("Informal Resolution"), And failing to respond as now over an (Year) and (Two months)"-

("Mitchell", 318 F.3d. 523, 536 (3rd cir. 2003) ("remanding case to lower court to determine Whether prison officials refused to Supply inmate With grievance form").) See also: "Lewis V. Casey", 518 U.S. 343, 351, 116 SCt. 2174, 135 L.Ed. 2d. 606 (1996)....

-"Plaintiff provided more than an "Genuine Issue Of Material Facts, that Was corroborated With the Facts; Defendant and Prison Officials failed to respond to Informal Resolution from Plaintiff or his Attorney."-

-"Defendant had not met their burden of even Providing "Prison Officials ["Answer"] Plaintiff ("Informal Resolution"); and that Plaintiff failed to follow procedures, after any giving responds of prison officials"-

Judge Marchant, Was "Contrary" to the United States Supreme Court Ruling in "Jones V. Bock", 549 U.S. 199, 218 (2007) and "Porter V. Nussle", 534 U.S. 516, 525 (2002)... Being "Contrary" to Such Ruling, Judge Marchant applied an "Unreasonable Application", dismissing Plaintiff ("Summary Judgment), as Plaintiff Complied With (SCDC) Grievance Procedures.

15.

- "In "Jones V. Bock", the Supreme Court Concluded that it is the Prisoner grievance Procedures, not the PLRA that defines the boundaries of proper exhaustion."

- "In "Defendant" Very own ["Declaration"] ;("Paragraph No.: (15)") of ("Sherman L. Anderson");- [" First, an inmate "MUST" attempt to resolve the issue through an "Informal Resolution by Submitting a Request to Staff Member Form (RTSM)"]."

- "Plaintiff had done So as Shown through ["Exhibits (D)(E)(G)(I)(J)(K) and (O)"]."

- "With the failure of Officials to adhear to their own grievance policies, Plaintiff did file ("Step (1) Grievances") of Defendant Retaliation and failure to answer ("RTSM")"

- "Plaintiff had done So as Shown through ["Exhibits (E)(L) and (P)"]"

- "Plaintiff "Complied" With the United States Supreme Court Ruling for "Grievance Procedures"... It Was (SCDC) failure to follow it's own "details" in "Policy" to allow the Plaintiff to "move forward", by receiving a "Informal Resolution" from Officials"

   ("Jones V. Bock", 549 U.S. 199, 218 (2007)("The level of detail necessary in a grievance to Comply With the grievance procedures Will Vary from System to System and Claim to Claim, but it is the Prison's requirements, and not the PLRA, that define the boundaries

_16_.

of proper exhaustion."); "Hughes v. Knieblher", 341 Fed. Appx. 749, 751 (3rd Cir. 2009)("In determining Whether a Prisoner had met the exhaustion requirement of the PLRA, We look to the Prison's Procedural rules.")....

- "Defendant and defendant Officials Was in Violation of its own Policies for their Failure to Answer "Informal Resolution"-

In turning to "Porter v. Nussle"; The Purpose of the PLRA exhaustion requirement is twofold: First, by requiring inmates to Comply With Prison grievance procedures, it permits state officials the opportunity to resolve the Controversy internally before it becomes a federal case....

Secondly, by requiring exhaustion of administrative remedies, it Promotes judicial efficiency by producing a factual record that Can assist the lower Court in resolving the prisoners claim.

- "Defendant Waived its "Exhaustion" defense, When Defendant and Officials fail to answer by (BTSM), Plaintiff "Informal Resolution", after Obtaining it" -

("Smith v. Mensinger", 293 F.3d. 641, 647 n.3 (3rd cir. 2002)("[E]xhaustion is an affirmative defense Which Can be Waived if not Properly preserved by a defendant.")....

- "The Defendant very own "Declaration", at ("Paragraph No.: (16)"; of ("Sherman L. Ander-

17.

son"); ["M"]andates that ["P"]rocedures be followed by:-["A copy of the (BTSM) "MUST" be attached to the Step 1 grievance form"]...-

-"Clearly; Plaintiff followed the (PBLA)... However, it was defendant and their officials that denied and abridged Plaintiff of following "Independent" and "adequate" Grievance Procedure Rules", for failure to answer "Informal Resolution"-

-"This deprived Plaintiff adjudication of a "Corrective action", that the ("IGC") and "administration" could satisfy his litigation."

("Porter V. Nussle", 534 U.S. 516, 525 (2002) ("In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation").)...

-"Plaintiff was not granted an "Informal Resolution" respond.... This ["F"]orced the Plaintiff to file his Civil rights action in the federal Courts; that it would show his Compliance With "Grievance Policies" and the; "42 U.S.C. §1997(e)(a); ("PLRA")."...-

("Porter V. Nussle", 534 U.S. at 525 ("And for cases ultimately brought to Court, adjudication could be facilitated by an administrative record that clarifi-

18.

es the Contours of the Controversy;")

WHEREFORE; The Contours of this Controversy is, defendant did fail by "Celotex Corp. V. Catrett", 477 U.S. 317, 322-23 (1986), of the "Fed. R. Civ. P. Rule: 56(C)"; to provide an "Genuine Issue Of Material Fact" in "Dispute", by "Anderson V. XYZ Correctional Health Service, Inc.; 407 F.3d. 674, 683 (4th Cir. 2005); that "Officials responded" to "Any" of Plaintiff "Informal Resolutions", by (RTSM), and failed to attach it to a "Step (1) Grievance Form", as Policy Warrants...

WHEREFORE; The Contours of this Controversy is, Plaintiff did Comply by "Anderson V. Liberty Lobby Inc.", 477 U.S. 242, 252 (1986), of the "Fed. R. Civ. P. Rule: 56(e)"; and provided an "Genuine Issue Of Material Fact" in "Dispute", by "Boyd V. Corrections Corp. of America", 380 F.3d. 989, 996 (6th Cir. 2004); "Moore V. Bennette", 517 F.3d. 717, 725 (4th Cir. 2008); That "Plaintiff and his Attorney" made "Informal Resolutions" by "(Fax) and (Mail)", for "Step 1 Grievance", With no responds...

## -"CONCLUSION"-

Because this case arises from the granting of Defendant Summary Judgment; Judge Marchant, error as the facts are stated in light most favorable to the Plaintiff as the (non-moving Party). see: Schultz V. Braga, 455 F.3d. 470, 472 (4th Cir. 2006); By providing he was prohibited of exhaustion... Plaintiff Summary Judgment Should be GRANTED and defendant DISMISSED with prejudice, as Plaintiff facts set forth are drawn from "exhibits" and "Verified Complaint. see: Jones V. Blanas, 393 F.3d. 918, 922-23 (9th Cir. 2004) ("holding that pro-se litigant's Verified Contentions in pleadings must be Considered as evidence in opposition to summary judgment

19.

Where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence;) ; also see:"Adickes V. S.H. Kress and Co.", 398 U.S. 144 (1970).").

## "-PROOF OF SERVICE-"

All Parties (District Court Clerk) and the (Defendant) was mailed copies of motion.

Respectfully Submitted;

"#295493

John Erwin Wilson Jr. #295493
McCormick-C-I (BHU)(B) #94
386 Redemption Way
McCormick, SC, 29899

Dated: May-16th-2019.

"-Footnote: No.:(1)-"

Judge Marchant, issued order on:"May-08th-2019"... See :"(B&B)"... also: "Message-Id:<9044151@.scd.uscourts.gov>"... Such (B&B) was mailed (via)-"United States Postage-:"02 1P, $001.45°, 0000856070", May-09-2019"; mailed from Zip Code 29401"... Judge Marchant, mail (B&B) to:"Lee-Correctional-Institution"; see:"(B&B) footnote No.:(6)"... On:February-27th-2019; Plaintiff motion the Court of "Change of location", filed/stamp by Clerk:"Received USDC Clerk, Charleston, SC 2019 MAR-4 AM 9:47"... Judge Marchant, was aware of location change by (via) motion of his on:"05-01-2019"; "C/A No. 9:18-CV-03184-RMG-BM"; "Message-Id:<9032198"... Plaintiff was Fwd (B&B) from LEE-C.I. to McCormick-C-I and is received:"May-16th-2019"... Plaintiff made answer to the (B&B); and direct the Court reply at address above...