**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

| | | |
|---|---|---|
| John Ervin Wilson, Jr., # 295493, | ) | Civil Action No. 9:18-1316-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Sgt. Johnson, Unit Manager, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the Court is the Magistrate Judge's report and recommendation ("R & R") (Dkt. No. 46) that Defendant's motion for summary judgment for failure to exhaust administrative remedies (Dkt. No. 36) be granted. For the reasons set forth below, the Court adopts the R & R as the Order of the Court and grants Defendant's motion for summary judgment.

## I.   Background

Petitioner John Ervin Wilson, Jr. is an incarcerated person proceeding *pro se* to allege pursuant to 42 U.S.C. § 1983 that Sgt. Johnson violated his First Amendment right by placing him in the Restricted Housing Unit of Broad River Correctional Institution in retaliation for filing an informal resolution of a grievance. (Dkt. No. 1 at 4-5.)

## II.   Legal Standard

## A.   Review of the R & R

The Magistrate Judge makes only a recommendation to the Court that has no presumptive weight and, therefore, the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). In the absence of objections, the Court reviews the R & R to "only satisfy itself that

there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation."). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

## B.     Motion for Summary Judgment

Summary judgment is appropriate if the movant "shows that there is no genuine dispute as to any material fact" and it is therefore entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.,* 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment has the initial burden of demonstrating that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has made this threshold demonstration, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

III.    **Discussion**

Defendant moves for summary judgment on the basis that Plaintiff failed to satisfy the exhaustion requirement of the Prison Litigation Reform Act ("PLRA") before bringing suit. The PLRA mandates that an inmate exhaust "such administrative remedies as are available" before bringing suit under § 1983. 42 U.S.C. § 1997(e)(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *see also Anderson v. XYZ Corr. Health Servs.*, 407 F.3d 674, 677 (4th Cir. 2005). The administrative remedies are dictated by the prison. *See Jones v. Bock*, 549 U.S. 199, 218 (2007). A prison grievance procedure is "available" if it is "capable of use to obtain some relief for the action complained of." *Ross v. Blake*, 136 S.Ct. 1850, 1855 (2016).

The PLRA, therefore, has a "built-in exception to the exhaustion requirement: A prisoner need not exhaust remedies if they are not 'available.'" *Id.* at 1855. The prisoner bears the burden of demonstrating that an administrative remedy is unavailable. *See Graham v. Gentry*, 413 F.App'x 660, 663 (4th Cir. 2011) ("[I]n order to show that a grievance procedure was not 'available,' a prisoner must adduce facts showing that he was prevented, through no fault of his own, from availing himself of that procedure.") (internal citation omitted). Specifically, an administrative remedy is not "available"—meaning, the remedy, "although officially on the books, is not capable of use to obtain relief"—in at least three circumstances. *Ross*, 136 S.Ct. at 1859. First, "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id.* Meaning, the "administrative officials have apparent authority, but decline ever to exercise it." *Id.* Second, a remedy is unavailable where the "administrative scheme might be so opaque that it becomes, practically speaking, incapable of

use." *Id.* In other words, "some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it." *Id.* Last, an administrative remedy is not available "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1860. In this situation, "officials might devise procedural systems (including the blind alleys and quagmires just discussed) in order to trip up all but the most skillful prisoners" or threaten the inmate. *Id.* (internal quotation marks and citation omitted). Absent such evidence that the administrative remedy was unavailable, failure to exhaust the administrative remedies will bar actions filed under federal law. *See Woodford v. Ngo*, 548 U.S. 81 (2006).

The South Carolina Department of Corrections ("SCDC"), which encompasses Broad River Correctional Institution, employs an inmate grievance process that, with limited exceptions, consists of three steps. First, the inmate must attempt an informal resolution by submitting a Request to Staff Form ("RTS Form") within eight working days of the incident. If the incident involves allegations of criminal activity, an RTS Form is not required, but the inmate must file a Form10-5 Step 1 Grievance within five day of the alleged criminal activity. Otherwise, within eight days of receiving a response to the RTS Form, the inmate must submit a Step 1 Grievance Form that attaches the answered RTS Form. If the RTS Form is not attached, the Step 1 Grievance Form will be returned to the inmate, who has five days to resubmit with the required attachment. Next, if the inmate is not satisfied with the response to his Step 1 Grievance Form, he has five days from receiving the response to appeal by submitting a checked-box on the Step 1 Grievance Form and a Step 2 Grievance Form. The SCDC's response to the Step 2 Grievance Form is considered the agency's final determination, which the inmate may appeal to the South Carolina Administrative Law Court.

After review of the record—including the affidavit submitted by Mr. Sherman Anderson, Chief of Inmate Grievance Branch at SCDC, and supporting documents submitted by Mr. Anderson and Plaintiff—the Court finds that the Magistrate Judge correctly concluded that Defendant is entitled to summary judgment. Construing the record in a light most favorable to Plaintiff, a reasonable fact finder could nonetheless find that Plaintiff failed to exhaust his available administrative remedies. As the Magistrate Judge detailed, assuming under the Rule 56 standard that Plaintiff first attempted a required and timely informal resolution, there remain no material facts in dispute that Plaintiff did not appeal the denial of his Step 1 Grievance. Similarly, the record does not support Plaintiff's contention in opposition to Defendant's motion that filing a Step 2 Grievance was unavailable or futile. The Court carefully reviewed Plaintiff's twenty-page objections to the R & R (Dkt. No. 49), primarily raising that the Magistrate Judge misapplied certain U.S. Supreme Court holdings. The Court finds the objections do not create a dispute on this record as to whether Plaintiff exhausted the available remedies prior to bringing suit.

## IV.     Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 46) as the Order of the Court and **GRANTS** Defendant's motion for summary judgment (Dkt. No. 36).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

June _12_, 2019
Charleston, South Carolina